IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14–cv–00034–CMA–KMT

GEOFFREY GOLDEN,

    Plaintiff,

v.

BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS SUCCESSOR IN INTEREST TO JPMORGAN CHASE BANK NATIONAL ASSOCIATION AS TRUSTEE FOR STRUCTURED ASSET MORTGAGE INVESTMENT II, INC. BEAR STEARNS ALT-A TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-10,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    This case involves the challenge of a foreclosure of a property in Eagle County, Colorado.[1] (Doc. No. 3 [Compl.], filed January 6, 2014.) This matter is before the court on Defendant's "Motion to Dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6)" (Doc. No. 10 [Mot.], filed January 13, 2014), to which Plaintiff filed his response on February 14, 2014 (Doc. No. 25 [Resp.]) and Defendant filed its reply on March 3, 2014 (Doc. No. 26 [Reply]). This motion is ripe for recommendation and ruling.

---

[1] Plaintiff filed his Complaint in Eagle County District Court on November 18, 2013. (*See* Compl.) The matter was removed to this Court on January 6, 2014. (Doc. No. 3.)

## STATEMENT OF THE CASE

At the outset, the court notes that the Complaint is rife with citations to case law and legal argument, yet has very few factual assertions. (*See* Compl.) Following are the facts the court has been able to discern.

Plaintiff alleges he is and was at all times the legal owner of a residential real property ("the Property") in Eagle County, Colorado. (*Id.*, ¶¶ 2, 5.) On October 24, 2013, pursuant to Colorado Rule of Civil Procedure 120, an Order Authorizing Sale of the Property was entered in Eagle County District Court Case Number 2013-CV-030005. (*Id.*, ¶ 6.) At the time Plaintiff filed this action, the sale of the Property was scheduled for November 20, 2013. (*Id.*)

Plaintiff alleges the defendant is the claimed successor "trustee" bank to another claimed "trustee" bank (JPMorgan Chase Bank, N.A., ["JPM"]), which was the alleged trustee of a securitized mortgage loan trust (the Structured Asset Mortgage Investment II, Inc. ALT-A Trust 2005-10 ["the Trust"]) formed incident to the marketing and sale of a series of mortgage-backed securities marketed by Bear Stearns, which ceased business operations and closed in 2007. (*Id.*, ¶ 8.) Plaintiff alleges neither Defendant nor JPM nor Bear Stearns originated the mortgage loan. (*Id.*, ¶ 9.)

Plaintiff alleges Defendant claims that Plaintiff executed the Deed of trust in favor of non-party Mortgage Electronic Registration Systems, Inc. ("MERS") as "nominee." (*Id.*, ¶ 10.) Plaintiff claims MERS was not the originating lender, is not mentioned in the Note, has no interest in the Note, and cannot institute a foreclosure. (*Id.*) Plaintiff also alleges Defendant has not produced any evidence of a valid or legal transfer of the loan from the original lender (*id.* ¶ 9) and cannot be the "legal holder" or the "qualified holder" of the Note (*id.* ¶ 13). Plaintiff also

contends that the defendant has not demonstrated it was entitled to payments under the Note. (*Id.*, ¶ 14.) Plaintiff seeks injunctive relief to prevent the foreclosure of the Property and declaratory relief "as to his rights, and his obligations if any, under the Note." (*Id.*, ¶¶ 55-74.)

Defendants move to dismiss Plaintiff's Complaint on the bases that (1) as holder of the original Note, the Trust has established the *prima facie* right to enforce the Note and its corresponding Deed of Trust; (2) Plaintiff lacks standing to argue that the Trust cannot enforce the Note and/or the Deed of Trust because they were never deposited into the MERS trust by its closing date. (*See* Mot.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference

3

that the defendant is liable for the misconduct alleged." *Id*.  The *Iqbal* evaluation requires two prongs of analysis.  First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory.  *Id*. at 1949-51.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief."  *Id*. at 1951.  If the allegations state a plausible claim for relief, such claim survives the motion to dismiss.  *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments.  *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940.  Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* at 1949 (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Iqbal*, 129 S. Ct. at 1949 (citation omitted).

## ANALYSIS

*1.    Trust's Right to Enforce the Note*

Defendant argues that, as holder of the Note, the trust is entitled to enforce it.  (Mot. at 5-8.)  Pursuant to Colo. Rev. Stat. § 38-38-101(1), only the "holder of an evidence of debt" is permitted to commence a public trustee foreclosure.  A holder of an evidence of debt is the "person in actual possession of or person entitled to enforce an evidence of debt. . . ."  *Id.* at § 38-38-100.3(10).  The term includes the "person in possession of a negotiable instrument evidencing a debt, which has been duly negotiated to such person or to bearer or indorsed in blank."  *Id* . at § 38-38-100.3(10)(c).

> Under Colorado law a promissory note is a negotiable instrument that is freely assignable. If an instrument is payable to bearer, it may be negotiated by transfer of possession alone. Evidence that the Note itself has been indorsed in blank and that the Defendant is the holder of that Note is sufficient evidence of the Defendant's interest in the Deed of Trust.  Whether or not the original lender executed any separate assignment of the Deed of Trust to the Defendant is not relevant because proof that the Defendant is the holder of the Note is conclusive as to Defendant's interest in the Deed of Trust.

*Henson v. Bank of America*, 935 F. Supp. 2d 1128, 1133 (D. Colo. 2013) (internal quotations and citations omitted).

The Note was executed on Plaintiff's behalf payable to the original lender.  (*See* Mot., Ex. A.)[2]  The Note is indorsed in blank.  (*See id.*)  The Rule 120 Court held that a default existed

---

[2] At any stage of the proceedings the Court may take judicial notice of a fact which is not subject to reasonable dispute, a requirement that is satisfied if the fact is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).  "[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment . . . .  This allows the court to take judicial notice of its own files and records, as well as facts which are a matter of public record."  *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (citations omitted).  Here, the court takes judicial notice of the public records recorded attached as exhibits to

5

and that the Trust is the holder of the Note. (*See* Mot., Exs. F & G.)  This court also finds that the records show that Defendant is the holder of the Note.  As holder of the Note, the defendant is entitled to enforce it.

In his response, Plaintiff fails to address any of the arguments raised by Defendant. Rather, Plaintiff states that he has pleaded sufficient facts to survive a motion to dismiss. (*See* Resp. at 3.)  If the court accepted as true the Plaintiff's factual assertion that Defendant is not the "qualified holder" of the Note (*id.* ¶ 13), this matter might survive a Rule 12(b)(6) motion to dismiss.  As stated in *Iqbal*, the court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Iqbal*, 556 U.S. at 681.  Nevertheless, "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.  "If [the] documents contradict the allegations of the . . . complaint, the documents control and [the] court need not accept as true the allegations in the . . . complaint." *Rapoport v. Asia Electronics Holding Co., Inc.*, 88 F. Supp. 2d 179, 184 (S.D.N.Y.2000).  Here, a plain reading of the documents contradicts Plaintiff's allegations.

Plaintiff fails to state a claim upon which relief may be granted.

*2.     Standing*

Plaintiff alleges in his Complaint that the Trust is governed by a series of documents including a Pooling and Servicing Agreement and/or a Mortgage Loan Purchase Agreement and various servicing contracts which set forth the manner and restrictions by which mortgage loans may be lawfully transferred to the Trust, which by its very denomination closed in the year 2005. (Compl., ¶ 37.)  Thus, Plaintiff alleges, "The Trust documents prohibit post-trust closing

---

Defendant's motion, including the documents filed in Eagle County Case Number 2013CV030005.

transfers and transfers of any mortgage loans into the Trust which are in or may become in default." (*Id.*) Defendant argues Plaintiff lacks standing to make this argument. (Mot. at 9-14.) The court agrees.

Plaintiffs are not parties to the pooling and servicing agreement relating to the securitization of their loan. "Securitization creates 'a separate contract, distinct from Plaintiff's debt obligations under the reference credit (i.e. the Note.).' " *Knowles v. Bank of America*, N.A., No. 12-cv-00621-RBJ, 2012 WL 5882570, at *2 (D. Colo. Nov. 21, 2012) (quoting *Fick v. U.S. Bank Nat. Ass'n*, No. 11-cv-013184-WYD-KLM, 2012 WL 5464592, at *5 (D. Colo. Sept. 10, 2012)). Here, Plaintiff is "not part of the second contract created by securitization, and it does not change the plaintiff's obligation to act in accordance with the terms of the note and deed of trust." *Id.* "No legal authority exists for the proposition that securitization of a mortgage 'extinguishes a secured party's rights to foreclose.' " *Fick*, 2012 WL 5464592, at *5 (quoting *Upperman v. Deutsche Bank Nat'l Trust Co.*, No. 01:10-cv-0149, 2010 WL 1610414, at *2 (E.D. Va. Apr. 16, 2010)). "On the contrary, federal laws explicitly allow for the creation of mortgage-related securities, such as the Securities Act of 1933 and the Secondary Mortgage Market Enhancement Act [of] 1984." *Upperman*, 2010 WL 1610414, at *3. In addition, the defendant is not required to reunite the Note and Deed of Trust before foreclosing. *Knowles*, 2012 WL 5882570, at *2.

**WHEREFORE**, for the foregoing reasons, the court respectfully

**RECOMMENDS** that Defendant's "Motion to Dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6)" (Doc. No. 10) be **GRANTED**, and that this case be dismissed, with prejudice, in its entirety.

7

**ADVISEMENT TO THE PARTIES**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342,

1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 22nd day of August, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

9